IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:08-cv-02795-MSK-MEH

BIOTA BRANDS OF AMERICA, INC., a corporation organized
pursuant to the laws of the State of Colorado,
BIOTA PURE, LLC, a limited liability company organized pursuant to the laws
of the State of Colorado,

     Plaintiff(s),

v.

UPS CAPITAL BUSINESS CREDIT, a corporation organized
pursuant to the laws of the State of Connecticut,

     Defendant.

## STIPULATED PROTECTIVE ORDER

Upon the joint application of the parties and their stipulation thereto, and the Court being fully advised, the Court finds and orders as follows:

1.     This Protective Order shall govern all Litigation Materials, which are defined to include all documents, things, material, testimony, and information produced in connection with discovery or other pre-trial proceedings in this action.  Litigation Materials shall also include all documents or information derived from other Litigation Materials, all copies, excerpts or summaries thereof, and all deposition and hearing transcripts.

2.     Any person providing disclosure in this action may designate as CONFIDENTIAL any non-public Litigation Materials containing proprietary or commercially-sensitive business and financial information, trade secrets, or the servicing of

the loan at issue. Documents that are confidential under this Order shall be so designated by stamping copies of each page of the document with the legend "CONFIDENTIAL." Confidential documents also may be designated "CONFIDENTIAL" after production by written communication and reproduction with a "CONFIDENTIAL" legend on each page of the document for purposes of substitution for the original documentation, and all parties shall use their best efforts to ensure that no prior disclosure under the terms of this Order shall be used or redisclosed contrary to the terms of this Order. For electronically-stored information that cannot be stamped "CONFIDENTIAL", the designation of confidentiality shall be made by any other reasonable and feasible means. If, after the exercise of due care, certain confidential materials are inadvertently not labeled as such by the producing party, the producing party may subsequently provide substitute, properly labeled copies of such documents to the receiving party, who shall treat them as confidential pursuant to this Order from that time forward, subject to the terms of this Protective Order. The parties acknowledge that documents have already been disclosed and exchanged prior to the date of this Order. As such, each party may subsequently provide substitute, properly-stamped disclosures of its previously-produced documents that designate CONFIDENTIAL Litigation Materials as such and subject to the terms of this Protective Order. Further, documents designated CONFIDENTIAL pursuant to the Stipulated Protective Order granted July 25, 2008 in the case styled *UPS Capital Business Credit v. David M. Zutler and Michael J. Zutler*, No. 2007cv36 (Dist. Ct., San Miguel County, Colo.) shall be considered CONFIDENTIAL for purposes of this protective order and subsequent proceedings, as set forth in Paragraph 17 below.

      3.     Information disclosed at the deposition of any party or third-party may be

designated as CONFIDENTIAL Litigation Materials by indicating on the record at the deposition that the testimony is "Confidential." Any party or third party may also designate information disclosed at such depositions as CONFIDENTIAL Litigation Materials by notifying all of the parties in writing, within twenty (20) business days of receipt of the official transcript, of the specific pages and lines of the transcript that should be treated as CONFIDENTIAL Litigation Materials thereafter. If all or part of a deposition transcript is designated as CONFIDENTIAL Litigation Materials, each party shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in its possession, custody or control.

4. No person shall disclose CONFIDENTIAL Litigation Materials to any other person except as provided in this Protective Order. CONFIDENTIAL Litigation Materials may be inspected by and disclosed only to the following "Qualified Persons":

a. The Court and persons employed by it;

b. The parties to this action, or officers, directors, employees, in-house attorneys, or insurers of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

c. Counsel of record to the parties to this action, contract attorneys, attorneys of their respective law firms, and the paralegal, clerical and secretarial staff employed by such counsel;

d. Court reporters or videographers;

e. Non-party witnesses who have or are reasonably likely to have information relating to such CONFIDENTIAL Litigation Material;

f. Experts or consultants and their staff retained by a party to assist in the

preparation of the action for trial;

g. Translators and interpreters retained by a party to assist in the preparation of the action for trial or to translate the testimony of a witness at a deposition or trial;

h. Litigation support providers, including copying and computer service providers, for the purpose of copying or indexing documents provided that all CONFIDENTIAL Litigation Materials are retrieved by the party furnishing them upon completion of this action; and

i. Such other persons as the parties may agree upon in writing.

Each person listed in paragraphs 4(e), 4(f), 4(g), and 4(i) above to whom disclosure of CONFIDENTIAL Litigation Materials is made shall, prior to such disclosure, be shown a copy of this Protective Order, be advised that they are being shown CONFIDENTIAL Litigation Material or information, and that they cannot discuss this information with anyone other than counsel or parties in this matter and shall execute a written Acknowledgment in the form of the attached EXHIBIT A.  Anyone showing CONFIDENTIAL Litigation Material to a Qualified Person shall take care to leave no CONFIDENTIAL Litigation Materials in the possession of any non-party or non-expert or non-consultant witness.  The acknowledgments required by this Order shall be retained in the files of counsel obtaining them and maintained for the duration of this litigation and for a reasonable time after the conclusion of the litigation.  They shall be made available to any party who demonstrates a reasonable basis to believe that a person signing such acknowledgment has violated the terms of this Order.

5. On the request of any party, any non-Qualified Person shall be excluded from any deposition during the period in which CONFIDENTIAL Litigation Material is disclosed.

6. If a witness refuses to execute such an Acknowledgment, then the party seeking

to disclose CONFIDENTIAL Litigation Materials to that person may only do so under the following conditions: (1) the party must show the witness a copy of this Protective Order and request the witness to read it; and (2) the party must inform the witness that documents that will be shown to the witness are CONFIDENTIAL and that, under this Protective Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided herein. The provision of this information to a non-signing witness shall be made on the record at a deposition or hearing.

7. Should any party to this litigation obtain documents or information from a non-party, by subpoena or otherwise, which are designated as containing, contain, or with respect to which it has been advised in writing contains, CONFIDENTIAL Litigation Materials of another party to this litigation or of a third party, such documents or information shall be treated by the receiving party as CONFIDENTIAL Litigation Materials under this Protective Order, unless expressly released in writing by the party which is the owner of such CONFIDENTIAL Litigation Materials, or as otherwise ordered by the Court.

8. Any papers filed with the Court in this case that include or make reference to CONFIDENTIAL Litigation Materials shall be considered CONFIDENTIAL Litigation Materials under the terms of this Protective Order. Any pleadings, motions or other papers filed with the Court disclosing any such CONFIDENTIAL Litigation Materials shall be filed under seal and kept under a seal until further order of the Court. Filing under seal may be done by selecting the Document Access type of "Sealed, Electronic" when filing such pleadings, motions or other papers with the Court.

9. Subject to the Colorado and Federal Rules of Evidence, or any other applicable evidentiary rules, CONFIDENTIAL Litigation Materials may be offered in support of or in

opposition to any motions, in evidence at trial or any Court hearing.  In such event, the CONFIDENTIAL Litigation Materials shall not lose their confidential status.

10. With respect to any CONFIDENTIAL Litigation Materials covered by this Protective Order, a party ("Challenging Party") may at any time serve upon counsel for the opposing party ("Designating Party") a written notice of objection to a designation of Litigation Materials as CONFIDENTIAL.  Within ten (10) business days of receiving such notice, the Designating Party shall review the designated materials sought to be reclassified, and notify the Challenging Party in writing whether or not it will agree to the reclassification requested.  In evaluating a reclassification request, the parties shall make their assessments by applying the standards set forth in Paragraph 2 above.  If no agreement can be reached in good faith and on an informal basis within the aforementioned ten (10) business days, then before the expiration of the tenth day, the Designating Party may apply to the Court for an order requesting that the Court determine whether the challenged Litigation Materials should be subject to the terms of this Protective Order.  If such a motion is timely filed, the challenged Litigation Materials shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. If another court or a government entity or agency, or any other person or entity, subpoenas or orders production of any CONFIDENTIAL Litigation Materials that a party has obtained under the terms of this Protective Order, such party shall promptly provide written

notice to counsel for the party or other person who produced the CONFIDENTIAL Litigation Materials and counsel for the other parties to this action of the pendency of such subpoenas or orders as soon as reasonably possible, and, in any event, before the date of production under the subpoena or order.  If written notice cannot be provided at least 14 days before the time for production or other disclosure, the party receiving the subpoena or order shall promptly, in addition to the written notice, give notice by telephone to counsel for the party or person who produced the CONFIDENTIAL Litigation Materials.  In no event shall production or disclosure be made before notice is given.  The purpose of this paragraph is to provide the party or person who produced the CONFIDENTIAL Litigation Materials the opportunity to intervene at its own expense to object to the production of Litigation Materials.

12. Nothing herein requires disclosure of information, documents, or things which the disclosing party contends are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine recognized by law.  In the event that a party inadvertently produces to any other party any document privileged in whole or in part pursuant to the attorney-client privilege, work-product doctrine, or other applicable privilege or protection recognized by law, there shall be no waiver by the disclosing party solely as a result of inadvertent production.  The inadvertently produced, privileged document may be retrieved by the producer or originator by giving written notice to all parties who received copies of the produced document of the claim of privilege within one week of the date on which the producing party becomes aware of the inadvertent production.  Upon receipt of such notice, all parties or other persons who have received a copy of the produced document shall return any privileged document to the producing party.  The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of a document as privileged

and, in the event of a good faith dispute regarding the privileged nature of the document, the receiving party may retain one working copy to use in any proceedings before the Court for the limited purpose of resolving any such dispute. Nothing herein shall preclude any party from moving this Court for an order directing the disclosure or protection of such information, document or things.

13. Within 90 days after the conclusion of this action as to all parties, including any and all appeals thereof such that a mandate has issued and the time to file a petition for certiorari has expired or been denied, all CONFIDENTIAL Litigation Materials that are in the possession of any Qualified Person shall be returned to the party that produced them or, with the consent of the producing party, be destroyed. Counsel of record shall certify compliance herewith and serve such certification on opposing counsel not more than 120 days after the conclusion of this action. Notwithstanding the foregoing, counsel may retain copies of all work product, deposition transcripts and designated deposition exhibits, and papers filed with the Court, including if such papers include or contain CONFIDENTIAL Litigation Materials.

14. Nothing in this Protective Order shall limit or otherwise govern the use a party may make of its own CONFIDENTIAL Litigation Materials, including without limitation, a party's right to disclose its own CONFIDENTIAL Litigation Materials as it deems appropriate.

15. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties in writing.

16. This Protective Order shall inure to the benefit of and be enforceable by non-parties with respect to information produced by them in the course of this action, provided that any such non-party previously agrees in writing to the terms of this Protective Order.

/ / /

/ / /

17.     The obligations of this protective order shall be perpetuated and are binding on the parties and non-parties in this proceeding, and all other related federal or state proceedings amongst them, to the fullest extent permitted by Federal Rule of Evidence 502.

Dated this 30th day of June, 2009.

By:   /s/ Lila M. Bateman
      Lila M. Bateman

Morrison & Foerster LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
**ATTORNEYS FOR UPS CAPITAL BUSINESS CREDIT**

By:   /s/ Rob Carey
      Rob Carey
Hagens Berman Sobol Shapiro LLP
2425 E. Camelback Rd. Ste. 650
Phoenix, AZ  85016
**ATTORNEYS FOR BIOTA BRANDS OF AMERICA, INC. AND BIOTA PURE, LLC**

**SO ORDERED:**

s/Michael E. Hegarty

_____

Michael E. Hegarty
United States Magistrate Judge

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:08-cv-02795-MSK-MEH

BIOTA BRANDS OF AMERICA, INC., a corporation organized
pursuant to the laws of the State of Colorado,
BIOTA PURE, LLC, a limited liability company organized pursuant to the laws
of the State of Colorado,

    Plaintiff(s),

v.

UPS CAPITAL BUSINESS CREDIT, a corporation organized
pursuant to the laws of the State of Connecticut,

    Defendant.

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, hereby certify and acknowledge that I have read the

STIPULATED PROTECTIVE ORDER in the above-captioned litigation, and I agree to abide

by the terms contained therein.

_____